UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE CURTIS #492630, et al.,

    Plaintiffs,

v.

UNKNOWN WASHINGTON, et al.,

    Defendants.

_____/

Hon. Hala Y. Jarbou

Case No. 1:22-cv-610

**REPORT AND RECOMMENDATION**

This matter is before me on Defendants' Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 61.) The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **DENIED**.

**I. Background**

Plaintiffs are state prisoners who currently are incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF). They have sued Defendants MDOC Director Unknown Washington, Deputy Director Unknown Party[1] ICF Warden Unknown Davids, ICF Assistant Deputy Warden Unknown Bonn, ICF Inspector Unknown Ferguson, ICF Chief Psychologist Unknown Maranka, ICF Psychologist Unknown Eastham, ICF Prison Counselors Unknown Peterzack and Sanborn, and ICF Resident Unit Manager Unknown Luther. Plaintiffs filed suit pursuant to 42 U.S.C. § 1983, alleging that ICF "Start Unit #2" is an unconstitutional segregation unit, that ICF "Start Unit #2" and "Start Unit #3" have no rational

---

[1] Plaintiffs have recently identified this Defendant as Jeremy Bush and have moved to amend their complaint to included Deputy Director Bush as a Defendant. (ECF No. 50.) Following Defendants' failure to timely respond, I granted the motion and ordered service on Mr. Bush. (ECF No. 53.)

1

purpose, and that staff in those units are not following the rules in the "Start Rulebook." (ECF No. 1 at PageID.5–6.) Plaintiffs allege that they were transferred from the Start Unit at the Oaks Correctional Facility (ECF) to the Start Unit at ICF on May 11, 2022, after they filed lawsuits concerning the constitutionality of the Start Unit at ECF (*Id.* at PageID.5.) They further allege that they were transferred to ICF's "Start Program" to receive mental health treatment. (*Id.*) Plaintiffs also allege that they were held in segregation for 24 days, which is past the 10-day limit for housing mentally-ill prisoners in a segregation unit. (*Id.*)

Defendants move for summary judgment on the basis that Plaintiffs failed properly to exhaust their claims before filing this action. In support of their motion, Defendants submit Plaintiffs' Step III Grievance Reports showing the ICF-related grievances that Plaintiffs pursued through Step III of the MDOC's grievance process before they initiated this lawsuit. (ECF Nos. 37-3 and 37-4.) Defendants note that Plaintiffs failed to administratively exhaust any ICF-related grievance through all three steps of the MDOC's grievance process prior to filing this lawsuit. (ECF No. 37 at PageID.279.) Thus, they contend that they are entitled to summary judgment. (*Id.* at PageID.285.)

Defendants filed the instant motion on June 8, 2023. (ECF No. 36.) On July 6, 2023, for various reasons, I denied Plaintiffs' motion for a 14-day extension of time to obtain discovery before responding to the motion. (ECF No. 41.) The following day, July 7, the Clerk docketed Plaintiffs' response, which they had mailed on July 3. (ECF No. 42.) On July 12, 2023, Defendants filed a notice stating that they had agreed to provide discovery responses to Plaintiffs by July 19, 2023, and did not oppose a reasonable extension of time to allow Plaintiffs to respond after receipt of the forthcoming discovery. (ECF No. 43.) In light of this notice, I granted Plaintiffs an opportunity to amend or supplement their response to address any issue raised by the anticipated

2

discovery responses. (ECF No. 44.) Plaintiffs filed a timely supplement (ECF No. 48), and Defendants filed a timely reply addressing both Plaintiffs' original response and their supplemental response. (ECF No. 52.)

## II. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary

3

judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### III.  Discussion

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id*.

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

It is undisputed that neither Plaintiff exhausted a grievance through all three steps of the MDOC's grievance process before filing this action. Nonetheless, Plaintiffs present other bases

for denying the motion, which I will address separately as to each Plaintiff. As an initial matter, however, I address Plaintiffs' assertions that the grievance process was unavailable.

In *Ross v. Blake*, 578 U.S. 632 (2016), the Supreme Court observed that a grievance process is unavailable where, among other things, "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. The Court noted that exhaustion is not required "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644; *see also id.* at 644 n.3. Similarly, the Sixth Circuit has held that exhaustion may be excused where a prisoner presents concrete and specific facts showing intimidation that would deter a person of ordinary firmness from continuing to use the prison's grievance process. *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 577–78 (6th Cir. 2014).

Plaintiffs contend that the grievance process was unavailable for two reasons. First, they contend that Defendants threatened them during a Security Classification Committee (SCC) meeting on June 8, 2022. (ECF No. 42 at PageID.326–27.) To support this assertion, they rely on an unsworn affidavit from prisoner Doyle Mims. Mims states that during the alleged June 8, 2022 SCC meeting, after Plaintiffs told Defendant Ferguson that they intended to file grievances against the Start program, he advised them that he knew the grievance coordinator and would have any grievance that Plaintiffs filed automatically rejected at Step I. (ECF No. 42-2.)

Although Defendants contend that Mims's account of the June 8, 2022 is not credible because the only prisoner present during a SCC meeting is the prisoner whose classification is being evaluated (ECF No. 52 at PgeID.390–91), the argument fails for another reason. That is, Mims's declaration may not be considered because Mims failed to sign it under penalty of perjury pursuant to 28 U.S.C. § 1746. *See Sfakianos v. Shelby Cnty. Gov't*, 481 F. App'x 244, 245 (6th

Cir. 2012) (affirming the district court's refusal to consider an unsworn affidavit that failed to comply with Section 1746); *Torres v. Vitale's Italian Rest., Inc.*, No. 1:18-cv-547, 2019 WL 13104642, at *5 (W.D. Mich. May 16, 2019) (rejecting declarations purporting to comply with Section 1746 but diluting the statutory language by stating that "facts were true to the best of [their] knowledge, information, and belief") (internal quotation marks omitted). Here, the unsworn affidavit merely cites Section 1746 without including any of the statutory language, most notably the "under penalty of perjury" language set forth in the statute. Thus, prisoner Mims's unsworn affidavit should be disregarded.

Plaintiffs also contend that the grievance procedure was unavailable because prison officials failed to comply with the following provision:

> Wardens and FOA Region Managers shall ensure prisoners and parolees are provided assistance in completing a grievance form, if s/he determines it is needed. In such cases, assistance shall be provided by a staff member who is not involved in the grievance.

Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ N (effective 03/18/2019). More specifically, Plaintiffs contend that prison officials' failure to assist them in preparing a proper grievance rendered the process unavailable under *Ross*. Plaintiffs fail to cite any authority supporting their assertion that the MDOC's non-compliance with this provision renders the grievance process unavailable. *See Street v. Davis*, No. 2:07-CV-130, 2011 WL 864973, at *1 (W.D. Mich. Mar. 10, 2011) ("The Court is aware of no authority which would impose an affirmative duty on prison officials to independently inquire into a prisoner's need for assistance in completing a grievance."). Moreover, by its terms, this provision applies only if the warden determines that the particular prisoner requires assistance in completing a grievance form. Plaintiffs fail to present evidence that they actually submitted a request to the warden for such assistance.

### A. Plaintiff Curtis

Plaintiffs attached to their initial response a grievance rejection letter dated May 26, 2022, rejecting Plaintiff Curtis's grievance ICF 2022-05-0541-27b (0541 Grievance) as nongrievable because it concerned MDOC policy/procedure. (ECF No. 42-5.) Defendants contend that Plaintiff Curtis was required to exhaust this grievance through all three steps of the grievance process. But this argument "'ignores Sixth Circuit caselaw holding that a prisoner cannot be required to exhaust administrative remedies regarding non-grievable issues.'" *Washington v. Jackson*, No. 1:22-cv-86, 2023 WL 1804440, at *2 (W.D. Mich. Jan. 10, 2023), *report and recommendation adopted*, 2023 WL 1796120 (W.D. Mich. Feb. 7, 2023) (quoting *Shepard v. Artis*, No. 1:22-cv-326, 2022 WL 17812813, at *3 (W.D. Mich. Sept. 26, 2022), *report and recommendation adopted*, 2022 WL 17752251 (W.D. Mich. Dec. 19, 2022)); *see also Hardrick v. Huss*, No. 2:21-cv-229, 2023 WL 4872347, at *6 (W.D. Mich. June 20, 2023), *report and recommendation adopted*, 2023 WL 4865087 (W.D. Mich. July 31, 2023) ("This Court has repeatedly rejected the argument that a prisoner whose grievances are rejected as non-grievable must nonetheless appeal those rejections through all three steps of the grievance process."). Defendants further contend that Plaintiff Curtis has failed to provide the Step I grievance showing that the 0541 Grievance concerned the claims raised in the complaint. However, Defendants, not Plaintiffs, bear the burden of proving the affirmative defense of failure to exhaust administrative remedies. Defendants could have conclusively shown that the 0541 Grievance was unrelated to the claims in this case by submitting the Step I grievance. Their failure to do so means that they have not met their summary judgment burden. Accordingly, an issue of fact remains as to whether the 0541 Grievance exhausted some or all of the claims in this case.

Plaintiffs' exhibits further show that on May 31, 2022, Plaintiff Curtis was placed on modified grievance access status from June 7, 2022, through September 5, 2022. (ECF No. 42-1.)

After he was placed on modified access, he requested a Step I form from the grievance coordinator to grieve that "the 'Start Program' is an illegal-segregation-program, targeting me and other mentally-ill-prisoners." (ECF No. 42-3.) The grievance coordinator denied the request on June 10, 2022. (*Id.*) Pursuant to the modified access procedure, "[a] prisoner or parolee who files an excessive number of grievances (three within a 30 calendar day span) that are rejected or [if] the prisoner is found guilty of misconduct for filing an unfounded grievance . . . may have access to the grievance process limited . . . for an initial period of not more than 90 calendar days." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ JJ. While on modified access, a prisoner may obtain Step I forms only through the Step I grievance coordinator. The grievance coordinator will provide a Step I form if he or she determines that the issue the prisoner wishes to grieve is grievable or otherwise meets the criteria of the policy. *Id.* at ¶ MM. Thus, a prisoner placed on modified access is not categorically excluded from using the grievance process. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005).

Here, Plaintiff Curtis has shown that pursuant to the grievance procedure, he requested a Step I form and identified the issue he wished to raise, but the grievance coordinator denied his request. Consequently, the denial satisfied the exhaustion requirement. *See Cook v. Michigan Dep't of Corrs.*, No. 1:21-cv-817, 2023 WL 1785476, at *4–5 (W.D. Mich. Jan. 9, 2023), *report and recommendation adopted*, 2023 WL 1778625 (W.D. Mich. Feb. 6, 2023) (finding that the plaintiff had exhausted his available administrative remedies while on modified access because he requested a Step I form to grieve the issue in dispute and the MDOC denied his request); *Sedore v. Nagy*, No. 1:19-cv-61, 2019 WL 8723746, at *7 (W.D. Mich. Nov. 26, 2019), *report and recommendation adopted*, 2020 WL 1025508 (W.D. Mich. Mar. 3, 2020) ("If a prisoner on modified access requests a grievance form, in a manner consistent with MDOC policy, denial of

8

such a request constitutes exhaustion of available administrative remedies as to the claims or issues described in the grievance form request."). Thus, Plaintiff Curtis may be deemed to have exhausted his administrative remedies based on the denial of his request for a Step I form.

### B. Plaintiff Ashley

Plaintiffs also attached to their response a grievance rejection letter dated May 26, 2022, rejecting Plaintiff Ashley's grievance ICF 2022-05-0540-27b (0540 Grievance) as nongrievable because it concerned MDOC policy/procedure. (ECF No. 42-6.) For the reasons set forth above with regard to Plaintiff Curtis's 0541 Grievance, I conclude that a genuine issue of material fact remains as to whether the 0540 Grievance exhausted any issue in this action. Thus, I recommend that the motion also be denied as to Plaintiff Ashley.

### IV. CONCLUSION

For the foregoing reasons, I recommend that the Court **DENY** Defendants' motion for summary judgment based on Plaintiffs' failure to exhaust their administrative remedies. (ECF No. 36.)

Dated: August 23, 2023          /s/ Sally J. Berens
                                SALLY J. BERENS
                                U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).